SHOWA LAW OFFICE, LLLC

ANDREW DAISUKE STEWART      7810-0
735 Bishop Street
Suite 318
Honolulu, Hawaii 96813
Tel. (808) 772-9297
Fax. 1 (866) 772-9407
Attorney for Plaintiffs
ALI LONDON, in his individual capacity and as next of friend for L.L.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALI LONDON, in his individual capacity and as next of friend for L.L., | ) ) ) ) | Case No. 22-491 |
| Plaintiffs, | ) ) | COMPLAINT |
| vs. | ) ) | |
| MICHAEL HEH; MARIA HEH; WENDY STAFFORD; NICOLE LINKE; TURTLE BAY CONDOS LLC, a Hawaii limited liability company; HONOLULU POLICE DEPARTMENT; CITY AND COUNTY OF HONOLULU; ANDREW TYAU-BEAM, Individually, BYRON L. BEATTY, Individually; DOE DEFENDANTS 1 -20; | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) ) | |

**COMPLAINT**

Comes now Plaintiff ALI LONDON ("Plaintiff"), in his individual capacity and as next of friend for L.L. (Plaintiff and L.L. hereinafter collectively referred to as "Plaintiffs"), and hereby asserts the following causes of action against Defendants MICHAEL HEH; MARIA HEH; WENDY STAFFORD; NICOLE LINKE; TURTLE BAY CONDOS, LLC; HONOLULU POLICE DEPARTMENT; CITY AND COUNTY OF HONOLULU; ANDREW TYAU-BEAM, Individually; BYRON L. BEATTY, Individually; and DOE DEFENDANTS 1- 10 (collectively, "Defendants"), as follows:

<u>THE PARTIES</u>

1.    Plaintiff ALI LONDON ("Plaintiff") is a male United States citizen of British East African ancestry, who at all relevant times hereto is and was a resident of the City and County of Honolulu.

2.    L.L., Plaintiff's minor daughter, is a female United States citizen of part British East African and Hawaiian ancestry, who at all relevant times hereto, is and was a resident of the City and County of Honolulu.

3.    Upon information and belief, Defendant MICHAEL HEH ("Defendant Michael Heh") is a male United States citizen of European ancestry, who at all relevant times hereto, is and was a resident of the State of California, who owns real property located in the City and County of Honolulu.

2

4.      Upon information and belief, Defendant MARIA HEH ("Defendant Maria Heh") is a female United States citizen of Asian ancestry, who at all relevant times hereto, is and was a resident of the State of California, who owns real property located in the City and County of Honolulu.

5.      Upon information and belief, Defendant WENDY STAFFORD is a female United States citizen of European ancestry, who at all relevant times hereto, is and was a resident of the City and County of Honolulu.

6.      Upon information and belief, Defendant NICOLE LINKE ("Defendant Linke") is a female United States citizen of European ancestry, who at all relevant times hereto, is and was a resident of the City and County of Honolulu, and is and was a member, owner, and/or employee of Defendant TURTLE BAY CONDOS, LLC.

7.      Defendant TURTLE BAY CONDOS, LLC. ("Defendant TBC") is a limited liability company organized under the laws of the State of Hawaii and conducting business in the City and County of Honolulu.

8.      Defendant HONOLULU POLICE DEPARTMENT ("Defendant HPD") and Defendant CITY AND COUNTY OF HONOLULU ("Defendant County") are and were at all relevant times hereto, municipalities incorporated under the laws of the State of Hawaii and the United States of America.

3

9.     Defendant ANDREW TYAU-BEAM ("Defendant Officer Tyau-Beam"), who at all relevant times hereto, is and was a police officer employed by Defendant HPD and is a resident of the City and County of Honolulu.

10.    Defendant BYRON L. BEATTY ("Defendant Officer Beatty") who at all relevant times hereto is and was a police officer employed by Defendant HPD and is a resident of the City and County of Honolulu.

11.    The above-referenced DOE DEFENDANTS are sued herein under fictitious names because their true names and identities are presently unknown; however, they may be connected with Defendants, and may be responsible for Plaintiffs' damages/injuries.  Plaintiffs will identify the true names of these DOE DEFENDANTS when the same are ascertained.

<u>JURISDICTIONAL STATEMENT</u>

12.    Plaintiff is and was a resident of the City and County of Honolulu, State of Hawaii, at all relevant times herein.

13.    This Court has jurisdiction over this matter pursuant to 28 U.S.C.A. §§1331, 1343(a)(4), 2201, & 2202 and 42 U.S.C.A. §§1981 &1983, as well as, Hawaii Revised Statutes, §603-21.5(3).

14.    Venue is proper in this Court pursuant to 42 U.S.C.A §§1981 & 1983 because the claims for relief arose in the District of Hawaii and the named defendants reside and/or committed the unlawful acts within the District of Hawaii.

4

## FACTUAL ALLEGATIONS

15.    In or about late July 2020 and/or early August 2020, Plaintiff communicated with Defendant Michael Heh and Defendant Stafford about entering into a month-to-month rental agreement for that certain property identified as 57-086 Eleku Kuilima Place, Apartment 105, Honolulu, Hawaii (hereinafter "Apartment Unit" or "Plaintiff's Residence") via telephone and/or text message.

16.    Defendant Michael Heh and/or Defendant Stafford represented to Plaintiff, via telephone and/or text message, that Defendant Michael Heh and Maria Heh (hereinafter collectively as "Defendant Landlords") were willing to enter into a month-to-month rental agreement for the Apartment Unit with Plaintiff.

17.    On or about August 7, 2020, Defendant Stafford presented to Plaintiff a rental agreement to rent the Apartment Unit from Defendant Landlords, which stated in relevant part "THIS IS A RENTAL AGREEMENT UNDER THE HAWAII VACATION RENTAL ACT" and indicated that the rental term was from August 7, 2020 to September 2, 2020, which Plaintiff signed and dated under duress due to the COVID-19 Pandemic.

18.    On or about August 31, 2020, Defendant Stafford presented to Plaintiff a rental agreement to rent the Apartment Unit from Defendant Landlords, which stated in relevant part "THIS IS A RENTAL AGREEMENT UNDER THE HAWAII VACATION RENTAL ACT" and indicated that the rental term was from

September 1, 2020 to August 1, 2020, which Plaintiff signed and dated, which Plaintiff signed and dated under duress due to the COVID-19 Pandemic.

19.    On or about September 25, 2020, Defendant Stafford presented to Plaintiff a rental agreement to rent the Apartment Unit from Defendant Landlords, which stated in relevant part "THIS IS A RENTAL AGREEMENT UNDER THE HAWAII VACATION RENTAL ACT" and indicated that the rental term was from October 1, 2020 to November 1, 2020, which Plaintiff signed and dated under duress due to the COVID-19 Pandemic.

20.    Defendant Landlords hired Defendant Stafford, Defendant Linke, a licensed realtor, and Defendant TBC, at various times herein, to manage the Apartment Unit on their behalf.

21.    In or about later September 2020, Defendant Michael Heh began demanding that Plaintiff pay higher monthly rent than the amount previously agreed upon per the terms of the rental agreement(s) Plaintiff previously signed.

22.    On or about October 5, 2020, Defendant Stafford approached Plaintiffs in an aggressive manner, coming within a few feet of them and threw a hard object in their direction.

23.    Between about October 5, 2020 and about October 22, 2020, Defendant Michael Heh sent Plaintiff threatening communications via text message in an attempt to dispossess Plaintiffs of the Apartment Unit.

24.    On or about October 23, 2020, Defendant Landlords, Defendant Stafford, and/or Defendant Linke took actions to unilaterally disconnected Plaintiffs' access to electricity service, cable television service, and Internet service at the Apartment Unit, as well as, locked the front door to the Apartment Unit, forcing Plaintiffs to access the Apartment Unit using a side door.

25.    On or about November 1, 2020, Defendant Stafford came to the Apartment Unit and attempted to have Plaintiff and L.L. forcibly removed.

26.    On or about November 1, 2020, Plaintiff called the police in response to Defendant Stafford's attempt to forcibly remove Plaintiff and L.L. from the Apartment Unit.

27.    Upon arrival at the scene, one of the HPD officers explained to Defendant Stafford that Defendant HPD did not have jurisdiction over evictions and that, because of the Eviction Moratorium contained in the State of Hawaii's COVID-19 Emergency Proclamation, which was then in effect: (a) no evictions could be made for failure to pay rent and (b) no tenants could be evicted because of an expiration of a short-term rental agreement

28.    Defendant Stafford claimed falsely to the police officer, who arrived at the scene, that Plaintiff had been in a physical altercation with a former neighbor and that Plaintiff was using a false identity.

29.     On or about November 22, 2020, Defendant Michael Heh, Defendant Maria Heh, and Defendant Linke forcibly entered Plaintiff's residence while he was home with L.L., without advanced notice, warning, or Plaintiff's consent.

30.     On or about November 22, 2020, Defendant Michael Heh, Defendant Maria Heh, and/or Defendant Linke made material misrepresentations of the law, claiming that Defendant Landlords were legally entitled to re-take possession of the Apartment Unit because Defendant Landlords were intending on living in the Apartment unit themselves (i.e., owner occupancy) and because Plaintiff had only entered into a short term rental agreement with Defendant Landlords.

31.     As he forced himself into Plaintiff's residence, Defendant Michael Heh ordered Plaintiff to vacate the Apartment Unit by yelling "get out", expressing his intention to deny Plaintiffs' possession of the Apartment Unit.

32.     Once inside Plaintiff's residence, Defendant Michael Heh, Defendant Maria Heh, Defendant Stafford, and Defendant Linke began photographing and videotaping the inside of Plaintiff's residence, including the persons inside the Apartment Unit, without the consent of those individuals.

33.     Plaintiff called 911 and informed the operator that his landlords, together with their agents, had unlawfully entered his residence and that he feared for his safety, as well as, the safety of his minor daughter.

34.    Plaintiff also called the HPD Kahuku substation to report a crime in progress.

35.    Approximately forty minutes after Plaintiff had placed a call to 911, Defendant Officer Tyau-Beam and Defendant Officer Beatty arrived at the apartment complex where the Apartment Unit is located, in their capacity as police officers employed by Defendant County and Defendant HPD.

36.    Despite the fact that Plaintiff was the one who had placed the call with 911, Defendant Officer Tyau-Beam and Defendant Officer Beatty did not make any initial attempts to communicate with Plaintiff nor to confirm the safety of Plaintiff or his minor daughter.

37.    Defendant Officer Tyau-Beam and Defendant Officer Beatty instead initially spoke only to Defendant Michael Heh, Defendant Linke and/or Defendant Stafford after arriving on the scene.

38.    Upon information and belief, unbeknownst to Plaintiff, Defendant Officer Tyau-Beam was a personal friend of Defendant Stafford.

39.    It was only after Defendant Officer Tyau-Beam and Defendant Officer Beatty had spoken with Defendant Michael Heh, Defendant Linke and/or Defendant Stafford that Defendant Officer Tyau-Beam and Defendant Officer Beatty were willing to speak with Plaintiff regarding the incidents that had transpired.

9

40.    Plaintiff informed Defendant Officer Tyau-Beam and Defendant Officer Beatty that he wanted to file a police report against Defendant Michael Heh, Defendant Maria Heh, Defendant Stafford, and/or Defendant Linke, for, among other things, unlawfully entering his personal residence, as well as for, harassment and assault.

41.    Defendant Officer Tyau-Beam and/or Defendant Officer Beatty refused Plaintiff's request to file a police report against Defendant Michael Heh, Defendant Maria Heh, Defendant Stafford, and/or Defendant Linke.

42.    Defendant Officer Tyau-Beam and/or Defendant Officer Beatty instead stated to Plaintiff that Plaintiff needed to vacate the Apartment Unit because the Apartment Unit was "his house" (referring to Defendant Michael Heh).

43.    Thereafter, Defendant Officer Tyau-Beam, Defendant Officer Beatty, and/or another HPD officer proceeded to detain and interrogate Plaintiff outside the Apartment Unit.

44.    Defendant Officer Tyau-Beam and/or Defendant Officer Beatty threatened to arrest Plaintiff and remove L.L. from Plaintiffs custody if Plaintiff did not vacate the Apartment Unit.

45.    Upon information and belief, Defendant Michael Heh, Defendant Maria Heh, Defendant Linke, and/or Defendant Stafford had provided Defendant Officer Tyau-Beam and Defendant Officer Beatty, with false information about

10

Plaintiff, which prompted the police officers to threaten Plaintiff with arrest and threaten him about removing his daughter from his custody.

46.    Throughout the incident that took place on or about November 22, 2020, Defendant Michael Heh, Defendant Maria Heh, Defendant Stafford and/or Defendant Linke used their mobile devices to record Plaintiff and L.L., inside and outside of the Apartment Unit and, on occasion, doing so by coming into close physical proximity to Plaintiff and L.L.

47.    Pursuant to orders by Defendant Officer Tyau-Beam and Defendant Officer Beatty, Plaintiff moved his personal belongings out of the Apartment Unit within an extremely short period of time, during which time Plaintiff injured his back.

48.    On or about November 22, 2020, Plaintiff and L.L. were wrongfully evicted from the Apartment Unit by Defendants.

49.    At all relevant times herein, the incidents described above occurred during the Eviction Moratorium contained State of Hawaii's COVID-19 Emergency Proclamation was in effect.

50.    At all times relevant herein, Defendant Linke was acting as the principle, member, agent, and/or employee of Defendant TBC.

51.    At all times relevant herein, Defendant Stafford and Defendant Linke were acting as agents of Defendant Landlords.

52.    On or about September 28, 2021, Plaintiff filed a complaint/grievance with the Honolulu Police Commission regarding Defendant Officer Tyau-Beam, and/or Defendant Officer Beatty's conduct on November 22, 2020, which was transferred to the Professional Standards Office for investigation on or about October 10, 2021.

53.    On or about December 15, 2021, the Professional Standards Office concluded that there was no wrongdoing by Defendant Officer Tyau-Beam, and/or Defendant Officer Beatty.

## Count I

## Wrongful Eviction

54.    Plaintiffs repeat and realleges the allegations set forth in the above paragraphs as though fully set forth herein.

55.    Defendant Michael Heh and Defendant Maria Heh, Defendant Stafford, Defendant Linke, and Defendant TBC, together with Defendant Officer Tyau-Beam, and/or Defendant Officer Beatty, wrongfully evicted Plaintiffs from the Apartment Unit while Plaintiffs were in lawful possession thereof, in violation of the Eviction Moratorium contained in the State of Hawaii's COVID-19 Emergency Proclamation, as well as, in violation of State of Hawaii's Landlord Tenant Code, Chapter 521 of the Hawaii Revised Statute.

56.    As result of the wrongful eviction described herein, Plaintiffs have suffered damages in amounts to be proven at trial.

## Count II

## Wrongful Entry

57.    Plaintiffs repeat and realleges the allegations set forth in the above paragraphs as though fully set forth herein.

58.    Defendant Michael Heh and Defendant Maria Heh, together with their agents, Defendant Stafford, Defendant Linke, and Defendant TBC wrongfully entered into Plaintiff's residence, without prior notice, warning, or consent, while Plaintiffs were in lawful possession thereof, in violation of the Eviction Moratorium contained State of Hawaii's COVID-19 Emergency Proclamation, as well as, in violation of State of Hawaii's Landlord Tenant Code, Chapter 521 of the Hawaii Revised Statute.

59.    As result of the wrongful entry described above, Plaintiffs have suffered damages in amounts to be proven at trial.

## Count III

## Breach Of Covenant of Quiet Enjoyment/Breach of Implied Warranty of Quiet Enjoyment

60.    Plaintiffs repeat and realleges the allegations set forth in the above paragraphs as though fully set forth herein.

13

61.    Defendant Michael Heh and Defendant Maria Heh, together with their agents, Defendant Stafford, Defendant Linke, and Defendant TBC, had a duty to provide Plaintiffs, their tenants, with possession of the Property whereby Plaintiffs could quietly enjoy said premises without interruption.

62.    Defendant Michael Heh and Defendant Maria Heh, together with their agents, Defendant Stafford, Defendant Linke, and Defendant TBC, breached the covenant of quiet enjoyment and/or the implied warranty of quiet enjoyment.

63.    As result of Defendant Michael Heh, Defendant Maria Heh, Defendant Stafford, Defendant Linke, and Defendant TBC's breach of the covenant of quiet enjoyment and/or the implied warranty of quiet enjoyment, Plaintiffs have suffered damages in amounts to be proven at trial.

## Count IV

## Invasion of Privacy

64.    Plaintiffs repeat and realleges the allegations set forth in the above paragraphs as though fully set forth herein.

65.    By entering Plaintiff's Residence without notice, warning, or consent, and, thereafter, filming, recording, photographing, and/or videotaping Plaintiffs inside Plaintiff's Residence, Defendant Michael Heh, Defendant Maria Heh, Defendant Stafford and/or Defendant Linke violated the privacy Plaintiffs were entitled to enjoy and reasonably expected inside their lawful residence

14

66.     As result of the invasion of privacy described herein, Plaintiffs have suffered damages in amounts to be proven at trial.

## Count V

## Unfair and Deceptive Trade Practices

67.     Plaintiffs repeat and realleges the allegations set forth in the above paragraphs as though fully set forth herein.

68.     Plaintiff at all relevant times herein was a "consumer" for purposes of Hawaii Revised Statute Chapter 480-2.

69.     Defendant Landlords and Defendant Stafford engaged in unfair and deceptive trade practices by having Plaintiff execute an illegal short-term rental agreement after representing to Plaintiff that Defendant Landlords were willing and able to enter into a month-to-month rental agreement with Plaintiff.

70.     Defendant Landlords and Defendant Stafford engaged in unfair and deceptive trade practices by having Plaintiff execute a written agreement stating "THIS IS A RENTAL AGREEMENT UNDER THE HAWAII VACATION RENTAL ACT" when no such law or statute exists.

71.     Defendant Landlords and Defendant Linke engaged in unfair and deceptive trade practices by evicting Plaintiff from the Apartment Unit by misrepresenting their legal rights and obligations to Plaintiff.

72.    Defendant Landlords and Defendant Stafford engaged in unfair and deceptive trade practices by having Defendant Stafford come to the Apartment Unit on or about November 1, 2020 to attempt to have Plaintiff forcibly removed from the Apartment Unit in contravention of Plaintiffs' right of possession.

73.    On or about October 23, 2020, Defendant Landlords and Defendant Stafford engaged in unfair and deceptive trade practices by taking actions to unilaterally disconnect Plaintiffs' access to electricity service, cable television service, and Internet service at the Apartment Unit, as well as, locking the front door to the Apartment Unit, forcing Plaintiffs to access the Apartment Unit using a side door.

74.    Defendant Landlords and/or Defendant Linke engaged in unfair and deceptive trade practices by unlawfully entering the Apartment Unit without Plaintiffs' consent and in contravention of Plaintiff's legal rights.

75.    Defendant Landlords and Defendant Linke engaged in unfair and deceptive trade practices by evicting Plaintiff from the Apartment Unit by unlawfully depriving Plaintiffs' possession of the Apartment Unit.

76.    As a proximate result of the unfair and deceptive trade practices described herein, Plaintiffs have suffered damages in amounts to be proven at trial.

16

## Count VI

## Assault

77.     Plaintiffs repeat and realleges the allegations set forth in the above paragraphs as though fully set forth herein.

78.     By entering Plaintiff's Residence without notice, warning, or consent and coming in close physical proximity to Plaintiffs, during the midst of the COVID-19 Pandemic, Defendant Michael Heh, Defendant Maria Heh, and/or Defendant Linke, did cause Plaintiffs apprehension of an imminent harmful and offensive contact with their persons to which Plaintiffs did not consent.

79.     Defendant Michael Heh, Defendant Maria Heh, and/or Defendant Linke intended to and did cause Plaintiffs harmful and offensive contact with their persons to which Plaintiffs did not consent.

80.     Defendant Michael Heh, Defendant Maria Heh, and/or Defendant Linke acted willfully maliciously, and with conscious disregard for Plaintiffs' rights, and knew or should have known that their conduct was offensive and would cause injury, pain, fear, apprehension and/or humiliation.

81.     As a proximate result of the assault described herein, Plaintiffs have suffered damages in amounts to be proven at trial.

## Count VII

## Defamation/Defamation Per Se

82.     Plaintiff repeats and realleges the allegations set forth in the above paragraphs as though fully set forth herein.

83.     Upon information and belief, on or about November 1, 2020 and November 22, 2020, Defendant Michael Heh, Defendant Maria Heh, Defendant Stafford and/or Defendant Linke made false statements to members of the Honolulu Police Department, including but not limited to, the purported fact that Defendant was unlawfully in possession of the Apartment Unit, prompting Defendant HPD to assist in the wrongful eviction of Plaintiffs.

84.     Defendant Michael Heh, Defendant Maria Heh, Defendant Stafford and/or Defendant Linke's defamatory statements were of and concerning Plaintiff and included false statements that Plaintiff was the perpetrator of certain crimes.

85.     In making these statements, Defendant Michael Heh, Defendant Maria Heh, Defendant Stafford, and/or Defendant Linke acted negligently, willfully, maliciously, and/or with reckless indifference to the consequences of their actions against Plaintiff.

86.     As a direct and proximate result of Defendant Michael Heh, Defendant Maria Heh, Defendant Stafford and/or Defendant Linke's negligent, willful, malicious, and reckless publication of false statements, Plaintiff has been and will

18

continue to be damaged and injured in his character and reputation in an amount to be determined at trial

87. As a proximate result of the defamation/defamation per se described herein, Plaintiffs have suffered damages in amounts to be proven at trial.

## Count VIII

## Violation of Fair Housing Act

88. Plaintiff repeats and realleges the allegations set forth in the above paragraphs as though fully set forth herein.

89. Defendant Michael Heh, Defendant Maria Heh, Defendant Stafford and/or Defendant Linke threatened, intimidated, and/or interfered with Plaintiffs' enjoyment of housing accommodations because of Plaintiffs' race, marital status, and/or family status, in violation of Haw. Rev. Stat. §515-16(6).

90. Defendant Michael Heh, Defendant Maria Heh, Defendant Stafford and/or Defendant Linke retaliated against Plaintiffs because of Plaintiffs enjoyment of rights granted by Haw. Rev. Stat. Chapter 515 and/or because Plaintiffs had opposed a discriminatory practice prohibited by said chapter, in violation of Haw. Rev. Stat. §515-16(1).

91. Defendant Michael Heh, Defendant Maria Heh, Defendant Stafford and/or Defendant Linke interfered with Plaintiffs' exercise of enjoyment of rights

granted or protected by Haw. Rev. Stat. Chapter 515, in violation of Haw. Rev. Stat. §515-16(3).

92.    Defendant Michael Heh, Defendant Maria Heh, Defendant Stafford and/or Defendant Linke aided, incited, and/or coerced another person to engage in a discriminatory practice, including but not limited to one another, as well as, Defendant Officer Tyau-Beam, and/or Defendant Officer Beatty.

93.    As a proximate result of the violations of Haw. Rev. Stat. Chapter 515 described herein, Plaintiffs have suffered damages in amounts to be proven at trial.

## Count IX

### Civil Conspiracy

94.    Plaintiff repeats and realleges the allegations set forth in the above paragraphs as though fully set forth herein.

95.    Defendant Michael Heh, Defendant Maria Heh, Defendant Stafford, Defendant Linke, Defendant Officer Tyau-Beam, and/or Defendant Officer Beatty acted in concert and conspired with another to wrongfully enter the Apartment Unit, to wrongfully evict Plaintiffs from the Apartment Unit, to invade Plaintiffs' privacy, and to violate Plaintiffs' civil rights under Haw. Rev. Stat. Chapter 515

96.    As a proximate result of the civil conspiracy described herein, Plaintiffs have suffered damages in amounts to be proven at trial.

## Count X

## Negligent Hiring, Training and/or Supervision

97.    Plaintiff repeats and realleges the allegations set forth in the above paragraphs as though fully set forth herein.

98.    Defendant County and Defendant HPD owed a duty to Plaintiffs, to among other things, hire their employees, agents, and representatives, including Defendant Officer Tyau-Beam and Defendant Officer Beatty, exercising reasonable care and due diligence,

99.    Defendant County and Defendant HPD owed a duty to Plaintiffs., to among other things, train their employees, agents, and representatives (including Defendant Officer Tyau-Beam and Defendant Officer Beatty) on the relevant rules and policies against discrimination, harassment, and conflict-of-interest, as well as, other standard operating procedures for discharging their duties as police officers.

100.   Defendant County and Defendant HPD owed a duty to Plaintiffs, to among other things, supervise their employees, agents, and representatives (including Defendant Officer Tyau-Beam and Defendant Officer Beatty) while discharging their duties as police officers, to ensure that they are complying with relevant rules and policies against discrimination, harassment, and conflict-of-interest, as well as, other standard operating procedure.

101.   Defendant County and Defendant HPD breached their duty to Plaintiffs by hiring Defendant Officer Tyau-Beam and Defendant Officer Beatty either (a) without conducting due diligence on their background or (b) conducting due diligence on their background and retaining them as police officers.

102.   Defendant County and Defendant HPD breached their duty to Plaintiffs by failing to exercise reasonable care in training Defendant Officer Tyau-Beam and Defendant Officer Beatty on the relevant rules and policies against discrimination, harassment, and conflict-of-interest, as well as, other standard operating procedures for discharging their duties as police officers.

103.   Defendant County and Defendant HPD breached their duty to Plaintiffs by failing to exercise reasonable care in supervising Defendant Officer Tyau-Beam and Defendant Officer Beatty to ensure that they were complying with relevant rules and policies against discrimination, harassment, and conflict-of-interest, as well as, other standard operating procedures.

104. As a proximate and substantial cause of Defendant County and Defendant HPD's breach of the aforementioned duties owed to Plaintiffs, Plaintiffs have suffered damages in amounts to be proven at trial.

## Count XI

## Negligence, Negligent Investigation and Enforcement

105.    Plaintiffs repeat and realleges the allegations set forth in the above paragraphs as though fully set forth herein.

106.    Defendant Officer Tyau-Beam, and/or Defendant Officer Beatty owed Plaintiffs a duty to investigate the incidents that took place on November 22, 2020 with reasonable care.

107.    November 22, 2020, Defendant Officer Tyau-Beam, and/or Defendant Officer Beatty owed Plaintiffs a duty to enforce the laws in a reasonable and equitable manner.

108.    By failing to investigate the incident that took place on November 22, 2020 with reasonable care, Defendant Officer Tyau-Beam, and/or Defendant Officer Beatty breached the duty of care owed to Plaintiffs.

109.    By failing to enforce the laws in a reasonable and equitable manner on November 22, 2020, Defendant Officer Tyau-Beam, and/or Defendant Officer Beatty breached the duty of care owed to Plaintiffs.

110.    As a proximate and substantial cause of Defendant Officer Tyau-Beam, and/or Defendant Officer Beatty breach of the aforementioned duties owed to Plaintiffs, Plaintiffs have suffered damages in amounts to be proven at trial.

## Count XII

## Violation of 42 U.S.C.A. Section 1983

111.   Plaintiff repeats and realleges the allegations set forth in the above paragraphs as though fully set forth herein.

112.   At all relevant times herein, Defendant Officer Tyau-Beam and Defendant Officer Beatty were persons acting under the color of state and local laws.

**A      Count XII, Claim 1: Violation of First Amendment Right to Petition Government for Redress of Grievance (against Defendant Officer Tyau-Beam and Defendant Officer Beatty)**

113.   The First Amendment of the U.S. Constitution guarantees citizens the right to petition the government for a redress of grievances.

114.   On or about November 22, 2020, Plaintiff called and contacted 911 to report to the Honolulu Police Department that a crime (i.e., criminal trespass, criminal harassment) was in progress.

115.   Upon Defendant Officer Tyau-Beam and Defendant Officer Beatty arriving on the scene, Plaintiff communicated to them that he wished to file a complaint/police report regarding the criminal activity described above.

116.   Despite repeated requests to file a complaint/police report, Defendant Officer Tyau-Beam and Defendant Officer Beatty refused to permit Plaintiff to exercise his constitutional First Amendment right to petition the government for redress of grievance.

117.    After Plaintiff made repeated unsuccessful requests to file a complaint/police report, Defendant Officer Tyau-Beam and Defendant Officer Beatty refused and proceeded to threaten to remove L.L., Plaintiff's minor daughter, from Plaintiff's custody, in order to dissuade and discourage Plaintiff from exercising his First Amendment rights.

**B.    Count XII, Claim 2: Violation of Fourteenth Amendment Right to Equal Protection of the Laws (against Defendant Officer Tyau-Beam and Defendant Officer Beatty)**

118.    Equal protection clause of the Fourteenth Amendment of the U.S. Constitution guarantees citizens equal protection of the laws.

119.    As Americans of British East African heritage, Plaintiffs are in a legally protected class due to their race, ethnicity and/or national origin.

120.    As Native Hawaiian, L.L. is in a legally protected class due to her race, ethnicity and/or national origin.

121.    Defendant Officer Tyau-Beam and/or Defendant Officer Beatty subjected Plaintiffs to disparate treatment because of their race, ethnicity, and/or national origin.

122.    Defendant Officer Tyau-Beam and Defendant Officer Beatty refused to permit Plaintiff to file a complaint/police report, threatened to deprive Plaintiff custody of his minor daughter, and ordered Plaintiffs to vacate the Apartment Unit because of Plaintiffs' race, ethnicity, and/or national origin.

C.    **Count XII, Claim 3: Violation of Fourteenth Amendment Procedural Due Process Rights (against Defendant Officer Tyau-Beam and Defendant Officer Beatty)**

123.    Procedural due process rights under the Fourteenth Amendment of the U.S. Constitution requires government actors to provide notice, the opportunity to be heard, and a decision by a neutral decision maker when the government seeks to deny a citizen of life, liberty, or property interest.

124.    Defendant Officer Tyau-Beam and/or Defendant Officer Beatty denied Plaintiff an opportunity to be heard during their investigation on or about November 22, 2020 before ordering Plaintiffs to vacate the Apartment Unit, which Plaintiff had legal possession of.

125.    Defendant Officer Tyau-Beam and/or Defendant Officer Beatty, who ordered Plaintiffs to vacate the Apartment Unit, which Plaintiff had legal possession of was, were not neutral decision-makers, as Defendant Officer Tyau-Beam and/or Defendant Officer Beatty were personal friends with Defendant Stafford.

D.    **Count XII, Claim 4: Violation of Fourteenth Amendment Substantives Due Process Rights by Interfering with Parent-Child Relationship (against Defendant Officer Tyau-Beam and Defendant Officer Beatty)**

126.     Plaintiff was the custodial parent of L.L.

127.    Defendant Officer Tyau-Beam and/or Defendant Officer Beatty's threat to remove L.L. from Plaintiff's custody if Plaintiffs did not vacate the Apartment Unit shocked the conscience.

128.   Defendant Officer Tyau-Beam and/or Defendant Officer Beatty's threat to remove L.L. from Plaintiff's custody if Plaintiffs did not vacate the Apartment Unit, was done with a purpose to harm Plaintiff for reasons unrelated to legitimate law enforcement objectives and/or with deliberate indifference to Plaintiffs legal rights, safety, and/or welfare.

129.   Defendant Officer Tyau-Beam and/or Defendant Officer Beatty's threat to remove L.L. from Plaintiff's custody if Plaintiffs did not vacate the Apartment Unit, violated Plaintiffs' constitutionally protected liberty interests in custody, companionship, and society with each other.

**E.    Count XII, Claim 5: *Monell* Claim Against Local Governing Body Defendants Based on Policy of Failure to Train (against Defendant County and Defendant HPD)**

130.   Defendant County and Defendant HPD had duties to enact specific affirmative policies and procedures to prevent the deprivation of constitutionally protected rights and privileges by their employees and to adequately/sufficiently supervise and train their employees to protect the public from harm.

131.   Defendant Officer Tyau-Beam and Defendant Officer Beatty deprived Plaintiffs of myriad constitutional rights as described above.

132.   Defendant Officer Tyau-Beam and Defendant Officer Beatty were acting under the color of law.

133.    Defendant County and Defendant HPD's training policies were not adequate to prevent the constitutional violations suffered by Plaintiffs at the hands of Defendant Officer Tyau-Beam and/or Defendant Officer Beatty.

134.    Defendant County and Defendant HPD were deliberately indifferent to the substantial risk that its policies were inadequate to prevent Defendant Officer Tyau-Beam and/or Defendant Officer Beatty from acting in a manner which would deprive Plaintiffs of their constitutionally protected rights.

135.    Defendant County and Defendant HPD's failure to prevent Defendant Officer Tyau-Beam and/or Defendant Officer Beatty from acting in a manner which would deprive Plaintiffs of their constitutionally protected rights played a substantial part in bringing about or actually causing the injury and damages suffered by Plaintiffs.

**F.    Count XII, Claim 6: *Monell* Claim Against Local Governing Body Defendants Based on Ratification (against Defendant County and Defendant HPD)**

136.    Plaintiffs repeat and reallege and by reference incorporates the allegations contained in the above paragraphs.

137.    On or about September 28, 2021, Plaintiff filed a complaint/grievance with the Honolulu Police Commission regarding Defendant Officer Tyau-Beam, and/or Defendant Officer Beatty's conduct on November 22, 2020, which was

transferred to the Professional Standards Office for investigation on or about October 10, 2021.

138.   On or about December 15, 2021, the Professional Standards Office concluded that there was no wrongdoing by Defendant Officer Tyau-Beam, and/or Defendant Officer Beatty regarding allegations that they violated Plaintiff's constitutional rights, as more fully described above.

139.   Based on the Professional Standards Office's conclusion issued on or about December 15, 2021, the Police Chief, the Police Commissioners, and/or the Head of the Professional Standards Office, who had final policy making authority from Defendant HPD and Defendant County concerning the allegations set forth in the complaint/grievance Plaintiffs filed on or about September 28, 2021, ratified Defendant Officer Tyau-Beam, and/or Defendant Officer Beatty conduct, which violated Plaintiff's constitutional rights, as more fully described above.

140.   By ratifying Defendant Officer Tyau-Beam, and/or Defendant Officer Beatty's deprivation of Plaintiff's constitutional rights on or about November 22, 2020, through officials with final decision-making authority, Defendant HPD and Defendant County created a policy subjecting it to liability by ratification.

141.   As a proximate result of the violation of 42 U.S.C.A. Section 1983, Plaintiffs have suffered damages in amounts to be proven at trial.

## Count XIII

### Intentional Infliction of Emotional Distress

142.  Plaintiffs repeat and reallege and by reference incorporates the allegations contained in the above paragraphs.

143.   Defendant Michael Heh, Defendant Maria Heh, Defendant Stafford, Defendant Linke, Defendant Officer Tyau-Beam, and/or Defendant Officer Beatty's intentional or reckless actions described above were outrageous and beyond all bounds of decency.

144.  Defendant Michael Heh, Defendant Maria Heh, Defendant Stafford, Defendant Linke, Defendant Officer Tyau-Beam, and/or Defendant Officer Beatty's intentional or reckless actions caused severe emotional distress to Plaintiffs.

145.  As a proximate result of the intentional infliction of emotional distress described above, Plaintiffs have suffered damages in an amount to be proven at trial.

### Count XIV

### Negligent Infliction of Emotional Distress

146.  Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

147.  Defendant Michael Heh, Defendant Maria Heh, Defendant Stafford, Defendant Linke, Defendant Officer Tyau-Beam, and/or Defendant Officer Beatty's negligent acts caused Plaintiff's emotional distress.

30

148.   Plaintiffs suffered injury to their persons and/or their property as a result of Defendant Michael Heh, Defendant Maria Heh, Defendant Stafford, Defendant Linke, Defendant Officer Tyau-Beam, and/or Defendant Officer Beatty's negligent acts.

149.   Plaintiff suffered emotional distress by witnessing Defendant Michael Heh, Defendant Maria Heh, Defendant Stafford and/or Defendant Linke assault on his minor daughter, who was situated in the zone of danger.

150.   L.L. suffered emotional distress by witnessing Defendant Michael Heh, Defendant Maria Heh, Defendant Stafford and/or Defendant Linke assault on her father, who was situated in the zone of danger.

151.   As a proximate result of the negligent infliction of emotional distress described above, Plaintiffs have suffered damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered in their favor against all Defendants as follows:

A.   General damages, special damages, treble, damage and punitive damage in amounts as will be proven at trial.

B.   Prejudgment interest from the date of the incidents;

C.   Post-judgment interest;

D.   Attorney's fees and costs of suit; and

E.    Other further relief as this Court deems just and proper.

DATED:    Honolulu, Hawaii, November 21, 2022

*/s/ Andrew Daisuke Stewart*

_____
ANDREW DAISUKE STEWART
Attorney for Plaintiffs
ALI LONDON
in his individual capacity and as next of friend for L.L.

32